**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARMANDO A. DE'LEON,

        Petitioner,                                                 No. C 06-6558 PJH (PR)

       v.                                                     **ORDER OF DISMISSAL**

ROBERT E. HOREL, Warden,

        Respondent.

                                        /

This is a habeas case filed pro se by a prisoner at Pelican Bay State Prison. He contends that he was confined to the Security Housing Unit (SHU) without due process, has been subjected to illegal "human experimentation," and that confinement in the SHU violates his rights under the Americans with Disabilities Act and the Rehabilitation Act.

Although the United States Supreme Court has declined to decide whether conditions of confinement claims such as these may be grounds for habeas relief, *Bell v. Wolfish*, 441 U.S. 526 n.6 (1979), the Ninth Circuit, whose decisions are binding on this court, has concluded that they are not. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). These claims therefore cannot be brought in a habeas case such as this.

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v.*

*Swenson*, 404 U.S. 249, 251 (1971). However, that will not be done in this case. For one thing, the filing fee for a civil rights case is $350, rather than the five dollar fee for a habeas case, and even when allowed to proceed in forma pauperis, prisoners are required to actually pay the $350 by way of deductions from income to their prisoner accounts. *See* 28 U.S.C. § 1915(b)(1). Petitioner might not wish to incur this expense. Also, the PLRA requires that claims be administratively exhausted. *See* 42 U.S.C. 1997e(a). If plaintiff has not exhausted, if this were treated as a civil rights case it would be dismissed without prejudice, thereby incurring additional filing fees if plaintiff were to refile after exhausting.

Finally, petitioner's allegations are so vague that if the petition were treated as a complaint the court would have to dismiss it with leave to amend to explain his claims a bit further. He thus would have to file another complaint anyway, which he might as well do in a separate case. That is, construing this petition as a civil rights complaint would benefit neither petitioner nor the court.

**CONCLUSION**

For the above reasons, this case is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 31, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\DELEON558.DIS

2